DIS2012R00183

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 DEC -3  P 4: 13

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. JFM-12-0621 |
| v. | : | |
| SALVATORE A. PETTI, | : | (Wire Fraud, 18 U.S.C. § 1343; |
| | : | Tax Evasion, 26 U.S.C. § 7201; |
| Defendant. | : | Forfeiture, 18 U.S.C. § 982(a)(2)(A)) |

...oOo...

## INFORMATION

### COUNT ONE
(Wire Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

### Introduction

1. The defendant, **SALVATORE A. PETTI ("PETTI")**, was employed as a manager of the computer systems division at the Social Security Administration ("SSA"). At the time of his retirement in 1995, **PETTI** was a general schedule ("GS") level 15.

2. Until the Fall of 2010, **PETTI** also served as the Treasurer for the Employees Activities Association ("EAA") of the SSA. **PETTI** held this position for over 40 years. After his retirement from SSA in 1995, **PETTI** was entitled to receive from the EAA an annual salary of approximately $60,000.

3. As the Treasurer of the EAA, PETTI was responsible for handling its financial

affairs, including the financial affairs of the entities within its corporate umbrella. His responsibilities also included maintaining the EAA's books and records and issuing Forms 1099 to EAA independent contractors.

4. The EAA was established in 1966 to provide social, recreational, cultural, welfare, health, and athletic activities for its members, the employees of the SSA. EAA was comprised of multiple organizations, including two for-profit entities, EAA Service Centers, Inc. and EAA Service Corporation, Inc., and three non-profit entities, SSA Community Scholarship Fund, Inc., EAA Fitness, Inc., and EAA/SSA Secur-A-Kiddie Center, Inc.

## The Scheme to Defraud

5. From in or about January 2005 through in or about December 2009, in the District of Maryland and elsewhere, the defendant,

## SALVATORE A. PETTI,

knowingly and willfully devised and intended to devise a scheme and artifice to defraud the EAA and to obtain the EAA's money and property by means of materially false and fraudulent pretenses, representations and promises ("the scheme to defraud").

## Object of the Scheme to Defraud

6. It was the object of the scheme to defraud that **PETTI** diverted EAA funds for his own personal use to support his lifestyle, which included spending approximately $430,000 at the Borgata Hotel, Casino & Spa and $43,000 at the Tropicana Hotel and Casino, both located in Atlantic City, New Jersey, between in or about March 2005 through in or about August 2010.

## Manner and Means

7. It was part of the scheme to defraud that **PETTI** issued to himself checks drawn from one of the EAA bank accounts in amounts which exceeded his authorized annual salary of approximately $60,000.

8. It was further part of the scheme to defraud that **PETTI** concealed this additional, unauthorized income from the EAA by intentionally misclassifying the checks as "administrative expenses" and "general expenses" in the EAA accounting system, which he maintained, when he knew that his salary should be classified as an "accounting expense."

9. It was further part of the scheme to defraud that **PETTI** concealed this additional, unauthorized income from the accounting firm Glass Jacobson by issuing the unauthorized checks to himself from bank accounts maintained for EAA's for-profit entities, since he knew that Glass Jacobson only performed a year-end audit on the non-profit entities.

10. It was further part of the scheme to defraud that **PETTI** used the additional, unauthorized income for personal expenditures, including frequent trips to Atlantic City, New Jersey.

11. It was further part of the scheme to defraud that, from in or about January 2005 through in or about December 2009, **PETTI** deposited into his personal Wachovia bank account approximately $416,134 of additional, unauthorized income using checks drawn on an EAA bank account.

## The Charge

12.     On or about December 15, 2008, in the District of Maryland, the defendant,

**SALVATORE A. PETTI,**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of wire communications certain signals, signs, and sounds, in that **PETTI** deposited into his personal bank account at Wachovia Bank (account ending in 8756) a $4,325 check (#2189) drawn on an EAA bank account at 1st Mariner Bank (account ending in 0333).

18 U.S.C. § 1343

## COUNT TWO
(Tax Evasion)

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. That on or about February 19, 2009, in the District of Maryland, the defendant,

### SALVATORE A. PETTI,

did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2008, by filing and causing to be filed with the Internal Revenue Service, a false and fraudulent U.S. Individual Income Tax Return, Form 1040. In that false return, **PETTI** declared that his "business income" (line 12) was $0, when in fact, as **PETTI** then and there knew, his taxable "business income" (line 12) for the calendar year 2008 was $62,975, in that he received this amount as authorized payments from the EAA. Also in that false return, **PETTI** declared that his "other income" (line 21) for the calendar year 2008 was $98,649 (gambling income), when in fact, as **PETTI** then and there knew, his taxable "other income" (line 21) for the calendar year 2008 also included an additional $95,650, in that he received this amount as unauthorized payments from the EAA. Based on the unreported income, **PETTI** failed to report taxes owed to the United States of America in the approximate amount of $36,102.

26 U.S.C. § 7201

## FORFEITURE

The United States Attorney for the District of Maryland further charges that:

1. Pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343 as alleged in Count One, the defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2. The property to be forfeited includes, but is not limited to, the following:

    a. The proceeds contained in the defendant's Individual Retirement Arrangement at Liberty Financial, account number xx7941, estimated at $56,000;

    b. $4,000 from Howard Bank, account number xxx2372;

    c. The proceeds from a bank account at Howard Bank, account number xxx9822, estimated at $10,000;

    d. The proceeds from a money market account at Howard Bank, account number xxx0189, estimated at $1,150;

    e. The proceeds received by the defendant's sale of a personal seat license for the Baltimore Ravens, estimated at $4,000; and

    f. The proceeds received by the defendant's sale of three Marriott timeshares, identified as GV*3502*35*B, GV*7108*41*B, and GV*1016*19*B, worth approximately $12,000.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 1956(c)(7); 18 U.S.C. § 1961(1); 28 U.S.C. § 2461(c); Rule 32.2(a), Fed. R. Crim. P.

_Rod Rosenstein_ BY DIS
Rod J. Rosenstein
United States Attorney

12/3/12
Date